UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA | **REPORT** |
| | **and** |
| v. | **RECOMMENDATION** |
| RICHARD MULLEN, a/k/a Carlos Watts, | **04-CR-189A(F)-01** |
| Defendants. | |

APPEARANCES:      KATHLEEN M. MEHLTRETTER
                  ACTING UNITED STATES ATTORNEY
                  Attorney for the Government
                  MARY C. KANE, of Counsel
                  Federal Centre
                  138 Delaware Avenue
                  Buffalo, New York    14202

                  LEIGH E. ANDERSON, ESQ.
                  Attorney for Defendant Richard Mullen
                  69 Delaware Avenue
                  Suite 1001
                  Buffalo, New York   14202

                  LAW OFFICE OF DAVID J. SEEGER
                  Attorneys for Defendant Richard Mullen
                  DAVID J. SEEGER, of Counsel
                  69 Delaware Avenue
                  Suite 1100
                  Buffalo, NEW YORK   14202

**JURISDICTION**

This case was referred to the undersigned by the Hon. Richard J. Arcara on

October 19, 2005 for all pretrial matters.   The matter is presently before the court on

Defendant's motion, filed November 23, 2005, seeking dismissal of Counts 1 and 2 of

the Second Superseding Indictment against Defendant (Doc. No. 273).

## BACKGROUND and FACTS[1]

The Second Superseding Indictment in this case charges Defendant in Count 1, alone, with violating 21 U.S.C. § 848 ("§ 848") by engaging in a continuing criminal enterprise involving narcotics trafficking ("the CCE Count").  In Count 2, Defendant and 32 other persons are charged as co-Defendants with violating 21 U.S.C. § 846 ("§ 846"), conspiracy with intent to possess and to distribute cocaine ("the Conspiracy Count").  Defendant is also charged in Counts 3 and 4 with substantive violations of 21 U.S.C. § § 841(a)(1) and 841(b)(1)(A) along with three other Defendants.  A fourth count charges another co-Defendant with a separate violation of 21 U.S.C. § 841.  Defendant's motion is directed to Counts 1 and 2 only.

As noted, on November 23, 2005, Defendant filed the instant motion to dismiss, pursuant to Fed.R.Crim.P. 12(a)(3)(B), along with the affidavit of David J. Seeger, Esq. (Doc. No. 273) and a Memorandum of Law in Support of Motion to Dismiss First and Second Counts of the Indictment ("Defendant's Memorandum") (Doc. No. 273).  On December 20, 2005, the Government filed its response to Defendant's Motion to Dismiss Counts 1 and 2 of the Second Superseding Indictment (Doc. No. 290) ("Government's Response").  Oral argument was deemed unnecessary.  Based on the following, Defendant's motion should be DENIED.

## DISCUSSION

At the outset, Defendant contends the instant motion is timely despite the fact

---

[1]  Taken from the pleadings and papers filed in this proceeding.

that Defendant filed the motion after the date established by the court's Scheduling

Order entered pursuant to Local Rule of Criminal Procedure 12.1(b)(2).  Defendant's

Memorandum at 3.  *See* Fed.Crim.P. 12(b)(3)(B) ("at any time while the case is

pending, the court may hear a claim that the indictment . . . fails to state an offense.").

The Government does not argue otherwise; accordingly, the court turns to the merits of

the motion.[2]

Defendant first asserts that Count 1 is defective in that it "conclusorily alleges . . .

[Defendant] committed a continuing series of violations, but does not identify the

specific predicate offenses."  Defendant's Memorandum at 5.  Nor, according to

Defendant, does Count 1 "indirectly identify [the predicate offenses] by referencing the

other counts of the Indictment."  *Id.* at 6.  Rather, Defendant argues the failure of Count

1 to particularly allege such predicate violations, as well as the respective elements of

such violations, is in violation of the Supreme Court's holding in *Richardson v. United*

*States*, 526 U.S. 813 (1999) that the jury determine which alleged predicate offenses

support the "continuing series" of violations element required for a CCE conviction, and

the Grand Jury Clause of the Fifth Amendment.  *Id.* at 5.

However, the Second Circuit in *United States v. Flaherty*, 295 F.3d 182 (2d Cir.

2002), a case not cited, and thus apparently overlooked, by Defendant, recently

rejected an identical argument.  Specifically, in *Flaherty,* the court sustained a charge

---

[2]  Under Fed.R.Crim.P. 12(e) "any" motion that can be raised pursuant to Fed.R.Crim.P.
12(b)(3)(B) but is not timely presented in accordance with a scheduling order imposed pursuant to Rule
12(c) is waived.  Here, Defendant's motion is untimely as the court's scheduling order required all pretrial
motions be filed by June 1, 2005, and the court did not relieve Defendant of this failure based on a
showing of good cause.  *See* Fed.R.Crim.P. 12(e).  However, as Defendant's motion is wholly without
merit, and despite the lack of Government opposition to the motion on this ground, the court does not
recommend dismissal on this basis.

under 21 U.S.C. § 848(a) which did not specify which, among numerous felonies alleged against the defendant in the indictment, felonies constituted the "continuing series" element needed to support conviction on a charge of operating a continuing criminal enterprise in violation of 21 U.S.C. § 848(1).  In reaching its conclusion, the court noted that *Richardson, supra*, requires only that in considering a continuing criminal enterprise charge, that the jury be instructed it must be unanimous as to each of the alleged predicate offenses alleged in the indictment that the jury finds satisfies the "continuing series" element of the CCE charge, *i.e.*, which three felony drug violations, as stated in a CCE indictment, defendant committed in the course of operating the CCE.  *Flaherty, supra*, at 197 (citing *Richardson, supra*, at 824 and *United States v. Aiello*, 864 F.2d 257, 264 (2d Cir. 1988) (requiring at least three felonies to meet "series of violations" element of § 848(c)).  "Although *Richardson* requires that the jury be unanimous on each of the constituent felonies, we have held that an indictment that does not identify which of many alleged felonies constituted the series is not thereby defective."  *Id.* (citing *Santana-Madera v. United States*, 260 F.3d 133 (2d Cir. 2001), *cert. denied*, 534 U.S. 1083 (2002)).  *See also United States v. Pike,* 2006 WL 146061 *2 (W.D.N.Y. Jan. 19, 2006) (Arcara, J.) ("It is sufficient that the indictment alleges that the continuing series of felonies were violations of § 841(a)(1) and § 846."); *Jones v. United States,* 306 F.Supp.2d 142, 149 (D.Conn. 2003) (CCE indictment sustained against *Richardson* challenge where indictment gave defendant sufficient notice "by identifying alleged felonies which could constitute the series . . ..").

In *Flaherty*, the CCE count merely alleged that defendants engaged in a CCE "in that they committed violations of Title 21, United States Code, Section 841(a)(1) and

846, which violations were part of a continuing series of violations of those statutes . . .."
*Flaherty, supra*, at 197.  In *Pike*, the CCE count alleged defendant "engaged in a series
of violations of § 841(a) and § 846."  *Pike, supra*, at *2.  In *Jones,* the CCE count simply
charged petitioner "did engage in a CCE in that he did violate Title 21, Section 846,
841(a)(1) and 860 and Title 18 . . ., Section 2, as alleged in Counts One through Thirty-
Nine . . .." *Jones, supra*, at 149.  Here, as relevant, Count 1 alleges Defendant "did . . .
engage in a Continuing Criminal Enterprise in that he did violate Title 21 . . . Section
841(a)(1), 843(b) and 846 which violations were part of a continuing series of violations
of said statutes . . .."  (ellipses added).  As such, Count 1 sufficiently alleges three
predicate drug offenses as the predicate offenses constituting the "series of violations"
element of the CCE charge.  Thus, consistent with the requirements for a valid
indictment under 21 U.S.C. § 848(a), based on the applicable caselaw, Count 1 of the
Second Superseding Indictment properly states an offense.

Further, an indictment is facially valid and constitutionally sufficient if it contains
the elements of the offense charged, fairly informs a defendant of the charges against
which he must defend, and enables a defendant to plead double jeopardy in bar of
further prosecution.  *Hamling v. United States*, 418 U.S. 87, 117 (1974); *United States
v. Hernandez*, 980 F.2d 868, 871 (2d Cir. 1992); *United States v. Parker*, 165
F.Supp.2d 431, 443-44 (W.D.N.Y. 2001) (citing cases).  A federal indictment need only
track the language of the statute which defines the charged offense and, if necessary,
to appraise the defendant of the nature of the accusation against him, state the time
and place of the alleged offense in approximate terms.  *Russell v. United States*, 369
U.S. 749, 765 (1962); *United States v. Covino*, 837 F.2d 65, 69 (2d Cir. 1988).  Where

an indictment tracks the statutory language, it should nevertheless provide "facts and circumstances as will inform the accused of the specific offense, coming under the general description, with which he is charged." *Hamling, supra*, at 117-18 (internal citation and quotation marks omitted).

The form of the indictment is governed by Fed.R.Crim.P. 7(c)(1) and requires that the indictment "be a plain, concise, and definite written statement of the essential facts constituting the offense charged." It is well settled that indictments which track the statutory language defining an offense are, as a general rule, sufficient under Rule 7(c)(1) so long as its application to a particular defendant is clear. *United States v. Upton*, 956 F.Supp 727, 739 (E.D.N.Y. 1994). An indictment which complies with Rule 7(c)(1) satisfies the Sixth Amendment's requirement that the charge inform the defendant of the "nature and cause of the accusation." *Russell, supra*, at 763-64. *Accord United States v. Walsh*, 194 F.3d 37, 44 (2d Cir. 1999); *Upton, supra*, at 738.

In this case, Count 1 fairly tracks the CCE statute, 21 U.S.C. §§ 848(a), 848(c) which define the CCE charge. *See Pike, supra*, at *2; *Jones, supra*, at 149. Section 848(c) states a CCE offense occurs when a person commits a felony under the Uniform Controlled Substances Act which is part of "continuing series of violations" of "the [Controlled Substances] Act, . . . undertaken in concert with five or more persons with respect to whom [the accused] occupies a position of organizer, a supervisory position, or any other position of management" and "from which [the accused] obtain substantial income." 28 U.S.C. § 848(c) (bracketed material added). Accordingly, Count 1 is sufficiently pleaded in compliance with Rule 7(c)(1) and the Sixth Amendment. As Defendant does not contest that but for the asserted failure to sufficiently allege the

particular offenses serving as the predicate offenses constituting the "series of violations" element of the CCE, 21 U.S.C. § 848(c)(2), Count 1 is otherwise deficient, it is unnecessary to address whether Count 1 sufficiently alleges the remaining elements of a valid CCE charge.

Defendant's remaining contentions directed to Count 1 are also meritless.  For example, Defendant claims that the CCE Count is constitutionally defective, as violating the Grand Jury Clause of the Fifth Amendment, because a CCE count, like a conspiracy charge, must allege that the "intended future conduct agreed upon include all of the elements of the substantive offense."  Defendant's Memorandum at 7 (quoting, out of context, *United States v. Parker*, 165 F.Supp.2d 431, 456-57 (W.D.N.Y. 2001)). While a conspiracy charge under 21 U.S.C. § 846 is a lesser included offense under § 848, *Rutledge v. United States*, 517 U.S. 292, 298-300 (1996), sufficient to preclude, under double-jeopardy, conviction on both charges, they remain separate offenses for purposes of indictment and trial.  *See Pike, supra* (noting that although a § 846 conspiracy is a lesser included offense under § 848, defendant nevertheless is obliged to go to trial on both indicted offenses and despite the court's obligation based on potential double jeopardy to dismiss one guilty verdict in the event of defendant's conviction on both charges).  Indeed, a conspiracy to violate the Controlled Substances Act is specifically defined in 21 U.S.C. § 846, and may in fact constitute one of three predicate offenses required for purposes of meeting the "series of violations" element of § 848(c).  *See Flaherty, supra*, at 198 (violations of 21 U.S.C. § 846 qualifies as a predicate offense under 21 U.S.C. § 848 charge).  Thus, Defendant's effort to import pleading requirements for conspiracy charges under § 846 into those applicable to a

CCE charge are unavailing.

Additionally, Defendant's contention, Defendant's Memorandum at 7-9, that the specific elements of each predicate offense for § 848(c) purposes must also be pleaded with specificity to satisfy the requirements of the Grand Jury Clause, is without authority.  *See Flaherty, supra; Pike, supra; Jones, supra.*  Count 1 on its face, therefore, informs Defendant the Grand Jury so found as to the stated violations of § 841(a)(1), § 843(b) and § 846, pleaded as the predicate CCE violations.  Defendant's theory, that the Grand Jury failed to make any finding that Defendant committed these predicate drug felonies, is therefore baseless.

As to Count 2, Defendant maintains that it is also subject to dismissal because it is "lacking in factual particulars," thereby violating the requirements of the Fifth and Sixth Amendments, fails to allege essential elements of the conspiracy offense, and erroneously asserts the conspiracy was intended, *inter alia*, to violate 21 U.S.C. § 841(b), a penalty provision, as an unlawful object of the charged conspiracy. Defendant's Memorandum at 10.  The Government opposes on the ground that a conspiracy charge under 21 U.S.C. § 846 is sufficient if it allows the defendant to plead double jeopardy and fairly apprises the defendant of the elements and nature of the charge sufficient to enable defendant to prepare a defense.  Government's Memorandum at 2 (citing cases).

It is established law in this circuit that indictments alleging a violation of 21 U.S.C. § 846 are subject to the same standards applicable to substantive counts alleging violations of 21 U.S.C. § 841.  *See United States v. Macklin*, 927 F.2d 1272, 1276 (2d Cir.) ("These principles apply . . . [to] conspiracies charged under 21 U.S.C. §

846)"), *cert. denied*, 502 U.S. 847 (1991); *United States v. Benjamin*, 72 F.Supp.2d

161, 169 (W.D.N.Y. 1999).  "[A]s an indictment is sufficient if it charges the offense

using the words of the statute, an indictment under Section 846 'need only allege the

existence of a narcotics conspiracy, a relevant time frame, and the statute alleged to be

violated.'" *Benjamin, supra*, at 169 (quoting *Macklin, supra*, at 1276) (citing *United

States v. Bermudez*, 526 F.2d 89, 94 (2d Cir. 1975), *cert. denied*, 425 U.S. 970 (1976)).

*See also United States v. Pike, supra*, at *1-2 (rejecting motion to dismiss count alleging

violation of 21 U.S.C. § 846 as insufficient where count "tracks the language of the

statute" and "alleges a conspiracy to distribute drugs, the time during which the

conspiracy was operative and the statute allegedly violated") (citing *Bermudez, supra*));

*United States v. Vondette*, 248 F.Supp.2d 149, 161 (S.D.N.Y. 2001) (Indictment under

21 U.S.C. § 846 sufficient if it "tracks the language of the statute and states the

approximate time and place of the alleged crime.").  In *Pike*, like Count 2, the

challenged count "tracks the language of the statute, cites the relevant statutory

provisions, identifies the nature and purpose of the alleged illegal agreement, sets forth

the alleged location and time frame of the conspiracy and identifies some of its

purported members."  *Pike, supra*, at *2.

Here, Count 2 alleges that "[b]etween September 2001 and August 3, 2004 at

Buffalo, New York, in the Western District of New York, and elsewhere," Defendant

along with 32 others "knowingly, wilfully and unlawfully" conspired and agreed "together

and with others" to possess with intent to distribute . . . 5 kilograms or more of . . .

cocaine . . . in violation of Title 21 United States Code, Section 846."  As stated, Count

2 informs Defendant of (1) the time period within which the alleged conspiracy occurred,

(2) the existence of the charged conspiracy and the identity of Defendant's alleged co-conspirators, (3) the nature and quantity of narcotics which the conspiracy sought to possess with intent to distribute, (4) the knowledge with which Defendant acted in associating himself with the conspiracy, and (5) the relevant statute providing the basis of the charge.  As such, Count 2 alleges more than is required.  *See Macklin, supra*, at 1276; *Benjamin, supra,* at 169.  Hence, Count 2 complies with requirements of Fed.R.Crim.P. 7(c)(1), and those of the Sixth Amendment.

Defendant relies upon *United States v. Urso*, 369 F.Supp.2d 254 (E.D.N.Y. 2005) and *United States v. Abrams*, 539 F.Supp. 378 (S.D.N.Y. 1982) in support of Defendant's assertion that Count 2 lacks sufficient specificity to avoid violating the Grand Jury Clause of the Fifth Amendment.  Defendant's Memorandum at 12-13.  In *Urso*, the court found two counts of the challenged indictment alleging loan sharking in violation of the RICO Act conspiracy statute, 18 U.S.C. § 1962(d), to provide insufficient factual details and as such the counts were found to be excessively vague requiring dismissal.  *Urso, supra*, at 266-67 (citing cases).  However, a careful reading of the court's decision in *Urso* reveals its analysis and cited authorities were directed to federal racketeering charges involving "threats."  *Urso, supra*, at 266-67 (citing *Sira v. Morton*, 380 F.3d 57, 73 (2d Cir. 2004)).  In *United States v. Abrams*, 539 F.Supp. 378 (S.D.N.Y. 1982), the court dismissed two counts alleging obstruction of justice against defendant for "lack of factual specificity" in violation of the requirement of Fed.R.Crim.P. 7(c) and the Grand Jury Clause of the Fifth Amendment.  *Abrams, supra*, at 384-85.  Specifically, in *Abrams,* the court found that while the counts at issue "track[ed] the language of the statute," 18 U.S.C. § 1510 (Obstruction of Criminal Investigations), the

counts provided "no other factual specifics" such as the names of person prevented from communicating with federal investigators, the identity of the federal laws to which the putative obstructed communications pertained, the acts of bribery or misrepresentation constituting the alleged obstruction, or the identity of the investigators involved. *Id.* at 384-85. However, the courts' analysis of the validity of the racketeering and obstruction of justice charges in *Urso* and *Abrams* which simply "track the statute" cannot gainsay the prevailing authority in this circuit upholding narcotics conspiracy charges which "track the statute" under 21 U.S.C. § 846. *See Macklin, supra*, at 1275; *Bermudez, supra*, at 94, *Pike,* supra, at *2; *Vondette, supra*, at 161; *Benjamin, supra*, at 168-69. As such, neither *Urso* nor *Abrams* are apposite. In any event, in contrast to the generalized allegations at issue in *Urso* and *Abrams*, Count 2 provides substantially more specifics. Significantly, Defendant fails to point to any Second Circuit authority dismissing a comparable indictment.[3]

---

[3] Defendant's contention that Count 2 is also invalid as it references 21 U.S.C. § 841(b)(1)(A), the penalty provision of § 841(a)(1), is meritless; Count 2 pointedly, and correctly, alleges that the objective of the conspiracy was to violate § 841(a)(1), which prohibits any knowing or intentional possession with intent to distribute a controlled substance. The Grand Jury could hardly be faulted for also alleging that the quantity of cocaine, 5 or more kilograms, involved in the conspiracy triggered a penalty range of 10 years to life under § 841(b)(1)(A). *See United States v. Cordoba-Murgas,* 422 F.3d 65, 69 (2d Cir. 2005) (holding that drug quantity is an element of § 841 and requires it be indicted as to such quantity to support a guilty plea and sentence above maximum sentence available under 21 U.S.C. § 841(b)(1)(C)). As such, Count 2's reference to § 841(b)(1)(A) is, at worst, non-prejudicial surplusage, and Defendant does not establish otherwise.

**CONCLUSION**

Based on the foregoing, Defendant's motion (Doc. No. 273) should be DENIED.

Respectfully submitted,

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dated: March 1, 2006
         Buffalo, New York

Pursuant to 28 U.S.C. §636(b)(1), it is hereby

**ORDERED** that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of the Court within ten (10) days of service of this Report and Recommendation in accordance with the above statute, Rules 72(b), 6(a) and 6(e) of the Federal Rules of Civil Procedure and Local Rule 72.3.

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.**

*Thomas v. Arn,* 474 U.S. 140 (1985); *Small v. Secretary of Health and Human Services,* 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Limited,* 838 F.2d 55 (2d Cir. 1988).

Let the Clerk send a copy of this Report and Recommendation to the attorneys for the Government and the Defendant.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE


DATED:      March 1, 2006
            Buffalo, New York